TWEEDIE TRADING CO. v. GLASGOW STEAM SHIPPING CO., Limited.

(District Court, S. D. New York. December 22, 1905.)

SHIPPING—CONSTRUCTION OF CHARTER PARTY—QUESTION OF INTENT.

> The question whether Halifax or St. John was within the intention of the parties to a charter party for a voyage from New York to a port or ports in Brazil or River Plate, "via port or ports en route," so as to entitle the charterer to proceed by way of such ports, *held* a question of fact not determinable on the pleadings, but open to testimony.

In Admiralty. Suit to recover charter hire. On exceptions to cross-libel.

Convers & Kirlin and John M. Woolsey, for exception.
Moen & Kilbreth, opposed.

ADAMS, District Judge. A charter party was entered into between the Glasgow Steam Shipping Company, Limited, and the Tweedie Trading Company, dated the 13th day of November, 1903, of the steamship Kelvinbank, wherein it was provided:

> "Witnesseth, That the said owners agree to let, and the said charterers agree to hire the said steamship from the time of delivery, for one trip from port or ports in United States to port or ports in Brazil & or River Plate via port or ports enroute Steamer to be placed at the disposal of the Charterers at New York * * *"

The Glasgow Company, claiming that certain sums, said to amount to $2337.68, consisting of unpaid hire, $1,837.68, and an unpaid balance of $500, for coal, were due, brought an action to recover the same.

The respondent duly answered, denying, for certain reasons, that anything was due to the libelant and simultaneously filed a cross-libel to recover damages, said to amount to $6,000, based upon a refusal on the part of the steamer to proceed via Halifax and or St. John, as ordered by the Tweedie Company.

The Glasgow Company thereupon filed an exception, stating that the alleged cross-libel did not state facts sufficient to constitute a cause of action.

The question presented is, whether the contract authorized the Tweedie Company to send the vessel to the River Plate via Halifax and or St. John.

The Tweedie Company urges that all argument based on the form of the charter party or the deletion or insertion of any words is beside the point because it is said:

"The charter party is not annexed to or made a part of the pleading here attacked and so far as these exceptions are concerned is not in the record. Only certain of its provisions are set forth in the libel and these are all of it which is properly before the court."

The fact is, however, that the charter party is annexed to and made a part of the original libel herein, which is incorporated by reference in the cross-libel, so that the charter party may be considered as fully and properly before the court, notwithstanding the fact that merely portions of it are quoted in the cross-libel.

In the original form of the charter party the following words were stricken out:

"And passengers so far as accommodations will allow in such lawful trades, between safe port and or ports in British North America, and or United States of America, and or West Indies, and or Central America, and or Caribbean Sea, and or Gulf of Mexico, and or South America, and or Europe, and or Africa, and or Asia, and or Australia, excluding River St. Lawrence from October 1st to May 1st (White Sea, Black Sea, and the Baltic out of season), Magdalena River, and"

It does not seem that much, if any, force should be given to the deletion. The printed form was obviously intended for a time charter but used here as a voyage charter, the termini being fixed geographically. The omitted part was very general and if regarded as in any way within the contemplation of the parties, does not aid in the construction.

What the intention of the parties may have been with respect to the controverted ports, is not clear from the contract as pleaded. At first view, it seems rather singular that Halifax or St. John could have been in view when the contract was made but such may have been the case by reason of its geographical position, north-eastward from New York but actually nearer to Pernambuco than New York, the former being the easternmost point of the coast of South America, on the way to the River Plate from the north.

The question seems to be one of fact not determinable upon the pleadings and therefore open to testimony.

The exception is overruled.